UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ERNEST GULLAGE** | * | **CIVIL ACTION NO.** |
| *Plaintiff* | * | **JUDGE** |
| v. | * | **MAGISTRATE** |
| **MAGNUM MUD EQUIPMENT COMPANY, INC. & XYZ INSURANCE COMPANY** | * | **SECTION** |
| *Defendants* | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

Plaintiff Ernest Gullage, by and through his attorneys, Smitko Law, APLC., complains against Defendants and requests trial by jury as follows:

### I. STATEMENT OF JURISDICTION

1.

This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. § 12101 and 12111-12112. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201.

This case is instituted in the United States District Court for the Eastern District of Louisiana pursuant to 42 U.S.C. § 12101 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

### II. PARTIES

2.

Plaintiff:

**ERNEST GULLAGE** is a person of full age and majority who resides in the Parish of Terrebonne, State of Louisiana and a citizen of the United States of America.

3.

The defendants are:

**MAGNUM MUD EQUIPMENT COMPANY, INC. ("MMECO")** a private entity doing business in the Parish of Terrebonne, State of Louisiana.

**XZY COMPANY** a private entity doing business in the Parish of Jefferson, State of Louisiana.

4.

At all relevant times, Defendant continuously engaged in activity which violated Title I, Section 101(9)(A-B) of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111(9) as well as Section 102(a) of the ADA, 42 U.S.C. § 12112 (a)

5.

Defendants are properly sued directly under 42 U.S.C. § 12111-12112 for their own deliberately indifferent decisions, practice, habits, customs, usages, training, derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

### III STATEMENT OF FACTS

6.

Plaintiff was working for his employer Magnum Mud Equipment Company, Inc. when he sustained an on-the-job accident on May 10, 2012 and underwent a medial meniscectomy on July 13, 2012 through Workers Compensation.

7.

On April 22, 2013, Mr. Gullage was approved by Louisiana Workers Compensation for a Left knee MCL reconstruction which occurred on June 14, 2013 as well as physical therapy three (3) times a week for four (4) weeks for his left knee.

8.

On August 14, 2013, Mr. Gullage was approved by Louisiana Workers Compensation for an additional twelve (12) weeks of physical therapy post his second knee surgery. Again, on October 14, 2013, Mr. Gullage was approved for a further three (3) weeks of physical therapy status post knee surgery.

9.

On December 17, 2013, Mr. Gullage was approved by Louisiana Workers Compensation for another left total knee arthroplasty which was not performed until September 11, 2017 by Dr. David Elias. Dr. David Elias attempted to treat Mr. Gullage with a Synvisc Injection as well as a Synvisc one for intra articular injection which was approved by Louisiana Workers Compensation on April 4, 2017 prior to his surgery.

10.

Also requested by Dr. David Elias was physical therapy re-evaluation as well as therapeutic exercises and manual therapy which was approved on April 4, 2017 in an attempt to resolve pain without the necessity of another knee surgery.

11.

On December 14, 2016, Mr. Ernest Gullage received a Return to Work from Chabert Medical Center to take effect on December 19, 2016. Mr. Gullage requested to return to

work on December 19, 2016, but was denied his return to work even though he did have a Return to Work form from the doctor.

12.

Mr. Gullage was employed as a Fourchon Base Manager for Magnum Mud Equipment Company, Inc. Mr. Gullage is responsible for maintaining and coordinating the daily activities of the Fourchon Base personnel and ensures customer satisfaction of services provided.

13.

In December, 2016, Mr. Gullage was diagnosed as having colon cancer. This is around the same time that he was denied returning to work even though he was in possession of a Return to Work form signed by a medical professional from Chabert Medical Center.

14.

On or about March 31, 2017, Plaintiff received a letter from Defendant which informed him that his employment was terminated effective March 31, 2017. The basis for termination was Plaintiff being physically unable to work. Since his termination, Plaintiff has lost salary and benefits. This termination comes after Defendant's discovery of Mr. Gullage's cancer diagnosis.

15.

In engaging in the conduct described above, Defendant has either intentionally discriminated against Plaintiff or been deliberately indifferent to the strong likelihood that the pursuit of its policies would result in violations of federally protected rights.

16.

Defendant's termination of Plaintiff's employment on the basis of his disability has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

17.

Plaintiff is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willful, wanton, and reckless conduct.

### IV. CLAIM FOR RELIEF

**42 U.S.C. § 12101 and 12111-12112 – Americans with Disability Act, Title I, Section 101 and 102**

18.

Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

42 U.S.C. § 12101 provides that:

An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity…

19.

At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Americans with Disabilities Act of 1990 to protect him from being terminated based on his disabilities.

20.

Defendant's acts and omissions constitute ongoing and continuous violations of the American's with Disabilities Act of 1990 (ADA), and, unless restrained and enjoined from doing so, Defendant will continue to violate the ADA. Defendant's act and omissions, unless enjoined, will continue to inflict an immediate threat of irreparable injuries for which Plaintiff has no adequate remedy at law.

21.

The acts or omissions of Defendants described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

22.

The individual Defendant is not entitled to qualified immunity for the complained of conduct.

23.

As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants; unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related to expenses, in amounts to be established at trial.

24.

On information and belief, Plaintiff may suffer lost future earnings and impaired earning capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 12101 and 12111-12112, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

25.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 12101 and 12111-12112, in that the actions of each of these individual Defendants have been taken maliciously, willfully, or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

26.

Plaintiff requests to have a trial by jury on all issues brought above.

### V. PRAYER FOR RELIEF

Plaintiff prays that this court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B. Economic losses on all claims allowed by law;

C. Special damages in an amount to be determined at trial;

D. Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

E. Plaintiff have judgment against Defendant for back pay and loss of employment benefits from the date of his termination, plus interest as allowed by law until paid in full;

F. That Defendant be permanently and forever enjoined from any further prohibited discrimination against Plaintiff;

G. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 12101 including expert witness fees, on all claims allowed by law;

H. Pre- and post-judgment interest at the lawful rate; and

I. Any further relief that this Court deems just and proper, and any other appropriate relief at law and equity.

Respectfully submitted,

SMITKO LAW

**/s/ Jerri G. Smitko**
Jerri G. Smitko, #17807
Maxwell P. Smitko, #37317
622 Belanger Street
P.O. Box 1669
Houma, La.  70361
Phone:  (985) 851-1313
Fax: (985) 851-1250
Counsel for the Ernest Gullage